United States District Court
Southern District of Texas
**ENTERED**
September 02, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 6:25-CR-00058-1 |
| | § | |
| HELEN ESTRADA | § | |

### MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL

A detention hearing was held today in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f). The Court finds that detention of Defendant Helen Estrada pending trial in this case is appropriate: there is no condition or combination of conditions that would reasonably assure the appearance of Defendant as required.

The Bail Reform Act provides that, if the judicial officer determines that a Defendant's release on personal recognizance or an unsecured appearance bond will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, the judicial officer shall order the Defendant's pretrial release subject to certain specified conditions. *See* 18 U.S.C. § 3142(c)(1). If the judicial officer determines, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall order the detention of the person before trial. 18 U.S.C. § 3142(e)(1). Additionally, because of the charges in this case, a rebuttable presumption arises that there is no combination of conditions that would reasonably assure Defendant's appearance and the safety of others or the community. 18 U.S.C. 3142(e)(3)(A).

Here, Defendant has not overcome that presumption. She is charged with intent to possess and distribute controlled substances under 21 U.S.C. §§ 846, 841(a)(1), and

841(b)(1)(B). (Doc. No. 1.) The Court finds that detention of Defendant pending trial is appropriate. The Court adopts the information detailed in the Pretrial Services Report and has also considered the information in the criminal indictment and the factual proffer presented in court by the United States. Defendant is a United States citizen and is a longtime resident of Victoria. Her last conviction was finalized 11 years ago, and she has been cooperative with law enforcement regarding the current charges against her. The Court is also aware of the Defendant's health concerns that have kept her hospitalized in the past.

Nevertheless, Defendant is a poor candidate for bond in this case. The Court observes that the weight of the evidence in this case appears strong. The grand jury returned an indictment charging Defendant with conspiring to knowingly and intentionally possess and distribute more than 50 grams of a mixture containing methamphetamine, a Schedule II controlled substance. (Doc. No. 1.) Defendant's involvement in possessing such a large quantity of methamphetamine informs the Court's decision-making in maintaining the presumption of pretrial detention.

Defendant also has an extensive criminal history, with several prior felony criminal convictions and 14 arrests. Additionally, she was affiliated for many years with the "Crips" gang, and has had terms of probation revoked three times. Although these revocations occurred some years ago, Defendant's violations suggest that would not comply with bond requirements here. The Court is particularly concerned that Defendant was arrested on a state drug charge in January 2025 and was released on bond shortly thereafter, but when that charge was adopted federally (this case) and she was arrested in June 2025, significant quantities of drugs were found in her home. This indicates continued involvement in criminal activity while on bond.

Also significant is that Defendant has been unemployed for a protracted period, or at least has apparently been untruthful about her employment status. During her financial interview she told the probation officer that she had been unemployed for nearly five months, but claimed through counsel at the detention hearing that she had been working multiple jobs out of state during that time. While the Court may consider evidence of Defendant's employment if produced later, her unemployment (and her apparent untruthfulness with the probation officer) further weighs against her candidacy for bond.

The actions of Defendant in this case, coupled with her criminal history, unemployment, and prior probation revocations, demonstrate to the Court by a preponderance of the evidence that there is no combination of conditions that will reasonably assure Defendant's appearance as required. The Court also finds by clear and convincing evidence that there is no combination of release conditions that would adequately assure the safety of others or the community.

Defendant is committed to the custody of the United States Marshal or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of appearance in connection with a court proceeding.

ORDERED on August 29, 2025.

MITCHEL NEUROCK
United States Magistrate Judge